IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA  :

         v.  :  Criminal No. DKC 11-489-1

DANTE LAW  :

**MEMORANDUM and ORDER**

Defendant Dante Law ("Mr. Law") filed a motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the U.S. Sentencing Guidelines ("Amendment 821").  For the reasons that follow, the motion will be denied.

Mr. Law pleaded guilty to conspiracy to transport a minor with intent to engage in criminal sexual activity and was sentenced on April 15, 2013, to 150 months in prison.  (ECF No. 96).  He did not appeal.

The Clerk received Mr. Law's motion for a sentence reduction under Amendment 821 on December 13, 2023.  (ECF No. 116).  The Clerk sent Mr. Law a letter on December 14, 2023, advising him that the Federal Public Defender was appointed to make a preliminary review of his motion and, if it was determined that he qualified, that office would file a motion with the court on his behalf.  (ECF No. 117).  Assistant Federal Defender Sapna Mirchandani filed a notice on June 5, 2024, advising that the

Office of the Federal Public Defender would not be filing a supplement to Mr. Law' motion.  (ECF No. 119).

"Ordinarily, a federal court may not 'modify a term of imprisonment once it has been imposed.'  This 'rule of finality,' however, 'is subject to a few narrow exceptions.'" *United States v. Gary*, No. 08-cr-0086-JKB, 2024 WL 1641007, at *1 (D.Md. Apr. 16, 2024) (first quoting 18 U.S.C. § 3582(c); and then quoting *Freeman v. United States*, 564 U.S. 522, 526 (2011)).  For instance, 18 U.S.C. § 3582(c)(2) provides that a court may "lower the sentence of a defendant who was 'sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission,' if the . . . reduction is consistent with the sentencing factors in 18 U.S.C. § 3553(a) and the Sentencing Guidelines."  *Id.* (quoting 18 U.S.C. § 3582(c)(2)).  In addition, under 18 U.S.C. § 3582(c)(2), "a defendant may be eligible for relief if an amendment to the Sentencing Guidelines has been made retroactively applicable." *Id.* (citing *United States v. Riley*, No. 13-cr-0608-ELH, 2022 WL 9361679, at *5 (D.Md. Oct. 14, 2022)).  Part A of Amendment 821 ("Part A") retroactively alters the application of the Sentencing Guidelines of certain offenders who (1) earned criminal history "status points" based on the commission of an offense while serving

a criminal justice sentence, or (2) is assessed zero criminal history points at the time of sentencing.  Specifically, Part A decreased status points by one point for a defendant with seven or more criminal history points and eliminated status points altogether for a defendant with six or fewer criminal history points.

Mr. Law asserts that he qualifies for a sentence reduction under Amendment 821 because two points were added to his criminal history score for being on probation at the time of this offense.  At sentencing, Mr. Law's criminal history scored seven (7) points.  Two more points were added because he was under a criminal sentence at the time of the offense.  With a total criminal history score of nine (9), Mr. Law was found to be in a criminal history category of IV.

Part A, as applied here, results in the addition of one point in lieu of the two points assessed originally.  Calculating together the original criminal history score of seven (7) with the addition of one (1) point pursuant to Part A, yields a total criminal history score of eight (8).  Eight (8) criminal history points corresponds to a criminal history category of IV.  *See* U.S.S.G. Ch. 5, pt. A.  Because Mr. Law remains in a criminal history category of IV even after the application of Part A, he

3

does not qualify for a sentence reduction and his motion will be denied.

Accordingly, it is this 12th day of August, 2024, by the United States District Court for the District of Maryland hereby ORDERED that:

1. The motion for a reduction in sentence under Amendment 821 filed by Dante Law (ECF No. 116) BE, and the same hereby IS, DENIED; and

2. The Clerk will mail a copy of this Order to Mr. Law and transmit a copy to counsel of record.

                                                /s/
                              DEBORAH K. CHASANOW
                              United States District Judge